# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH ARUANNO,<br><br>Petitioner,<br><br>v.<br><br>SARAH YATES,<br><br>Respondent. | Civil Action No. 18-10516 (JLL)<br><br><br>OPINION |

**LINARES**, Chief District Judge:

Presently before the Court is the amended petition for a writ of habeas corpus of Joseph Aruanno ("Petitioner") brought pursuant to 28 U.S.C. § 2254 challenging his involuntary commitment under the New Jersey Sexually Violent Predator Act, (ECF No. 3). Respondents filed an answer to the petition, (ECF No. 8), to which Petitioner replied, (ECF No. 9). Following an order requiring supplemental briefing, (ECF No. 10), Respondents filed a supplemental answer, (ECF No. 11). Despite being provided ample time in which to do so, Petitioner did not file a supplemental reply. (ECF Docket Sheet). For the following reasons, the Court denies the petition as Petitioner's claims are procedurally defaulted and Petitioner has presented no basis for overcoming that bar. Petitioner is also denied a certificate of appealability.

## I. BACKGROUND

Petitioner is currently civilly committed to the Special Treatment Unit ("STU") in Avenel, New Jersey, pursuant to New Jersey's Sexually Violent Predator Act ("SVPA"), N.J.S.A. 30:4–27.24 *et seq.* Petitioner seeks to challenge an annual review hearing he received on June 28, 2016, which resulted in an order continuing Petitioner's involuntary civil commitment. (ECF No. 8-3).

Because the Court denies Petitioner's habeas petition as his claims are procedurally barred, only a brief recitation of the procedural history of this matter is necessary for the resolution of Petitioner's habeas petition.

According to the record, Petitioner was initially scheduled for an annual review hearing in December 2015. (ECF No. 8-4). That hearing was adjourned at the request of Petitioner's counsel. (ECF No. 8-4). Petitioner's hearing was adjourned once again in March 2016. (ECF No. 8-4). Unhappy with counsel's adjournments, Petitioner filed an appeal on March 15, 2016, seeking to challenge the adjournments. (ECF No. 8-4). Petitioner thereafter filed a motion to proceed as indigent, which was granted, (ECF No. 8-5), and a motion for the appointment of counsel, (ECF No. 8-6). The Appellate Division denied Petitioner's counsel motion without prejudice, but referred Petitioner's appeal to the Office of the Public Defender "for [a] determination of [Petitioner's] eligibility [for] its services." (ECF No. 8-7). While those motions were pending, the trial court held Petitioner's annual review hearing and entered an order continuing Petitioner's civil commitment for another year on June 28, 2016. (ECF No. 8-3). Because Petitioner had received the relief he sought—his annual review hearing—the State moved to dismiss his appeal of the adjournments in February 2017, (ECF No. 8-8), and the Appellate Division granted that motion and dismissed Petitioner's appeal of the adjournments on March 22, 2017, (ECF No. 8-9). Unhappy with this result, Petitioner filed a petition for certification on March 28, 2017. (ECF No. 8-10).

On May 17, 2017, the New Jersey Supreme Court provided Petitioner with a letter which explained to him what he was required to supply to proceed with his appeal. (ECF No. 8-11). When Petitioner argued that he was entitled to counsel, he was provided by the Supreme Court with an application for the appointment of counsel, which he was required to file to receive

appointed counsel. (ECF No. 8-12). Petitioner, however, neither filed the documents necessary to proceed with his petition for certification, nor filed the motion for the appointment of counsel he was provided with by the Clerk of the New Jersey Supreme Court. (ECF No. 8-12). On July 24, 2017, the Clerk's Office of the New Jersey Supreme Court sent Petitioner a letter that again explained to Petitioner exactly what was required for him to perfect his appeal or seek the appointment of counsel before the New Jersey Supreme Court.[1] (ECF No. 8-12). Because Petitioner failed to file the required documents or the motion, the New Jersey Supreme Court dismissed his appeal of the adjournment issue for lack of prosecution on August 28, 2017. (ECF No. 8-13).

While his appeal of the adjournments was pending, Petitioner filed a late notice of appeal of the June 2016 order continuing his commitment on November 14, 2016. (ECF No. 8-14). Petitioner also filed a motion to appeal as within time, which the State did not oppose. (ECF No. 8-15). The Appellate Division granted that motion. (ECF No. 8-16). The Appellate Division also granted Petitioner indigent status. (ECF No. 8-17). Following the grant of indigent status, however, the Appellate Division sent to Petitioner a letter on February 7, 2017, informing him that if he wished to continue with his appeal, he was required to either file a copy of the hearing transcript, or file a motion either to abbreviate the transcript or to have the transcript provided at public expense within fourteen days. (ECF No. 8-18). Petitioner failed to comply with this requirement, and on March 29, 2017, the Appellate Division dismissed his appeal for lack of prosecution. (ECF No. 8-19).

---

[1] Although this Court recounts the procedural history of Petitioner's two appeals (from the adjournment and from the order continuing commitment) separately, both appeals were pending before the Supreme Court at the time this letter was sent to Petitioner, and the letter provided information on how to proceed in both appeals. (ECF No. 8-12). It is thus clear that the New Jersey Supreme Court's Clerk's Office thoroughly explained to Petitioner how to perfect and proceed in both of his appeals and how to file for appointment of counsel if he so desired in either case.

On April 4, 2017, Petitioner filed another petition for certification challenging the dismissal of his appeal of the order continuing his civil commitment. (ECF No. 8-20). Petitioner was once again provided with a letter which informed him of the actions he needed to take to perfect his appeal. (ECF No. 8-21). Petitioner once again failed to comply with those requirements, and Petitioner's second petition for certification was dismissed for failure to prosecute his appeal on August 28, 2017. (ECF No. 8-22). The Supreme Court also sent Petitioner a letter on August 29, 2017, which explained the dismissal of both of Petitioner's appeals to the New Jersey Supreme Court as follows:

> Pursuant to the enclosed Supreme Court Orders, [both of your appeals to the New Jersey Supreme Court] have been dismissed for failing to submit [a perfected] petition for certification and for not complying with the Rules of Court and the instructions of [the New Jersey Supreme Court Clerk's] Office.
>
> . . . [The Clerk's Office] staff . . . has advised you on numerous occasions of the process for perfecting your Supreme Court matters. To date, however, you have not followed those processes, but rather have replied with non-compliant correspondence.
>
> . . . Unfortunately, . . . the volume and extent of your non-compliant correspondence has disrupted staff's work for the Court.

(ECF No. 8-23).

Petitioner thereafter filed his initial petition in this matter in June 2018. (ECF No. 1). Following initial briefing in this matter, this Court entered an order specifically requiring the parties to address whether Petitioner's claims were exhausted or procedurally defaulted, issues which neither party had addressed in initial briefing. (ECF No. 10). Respondents filed a response to that Order on December 13, 2018, in which they argued that Petitioner's claims were procedurally defaulted given the dismissal of his appeals for failure to prosecute. (ECF No. 11). On January 4, 2019, this Court received from Petitioner a letter dated December 21, 2018, in which

he decried the conditions under which he is civilly committed, noted difficulties in preparing a response to Respondents, and requested that the Court "wait for [his] reply" before deciding this matter. (ECF No. 12). Petitioner gave no indication of when he intends to file a reply, nor requested any specific extension of time in which to file a reply.

Pursuant to the Court's prior Order, Petitioner was to file his reply within thirty days of Respondents' filing a response. (ECF No. 10). Petitioner's reply was thus due on or about January 12, 2019. Despite the passage of more than two months since Petitioner's December 21, 2018, letter and nearly three months since Respondent's filing, Petitioner has not filed a reply or any other documents in this matter.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The petitioner has the burden of establishing his entitlement to relief for each claim presented in his petition based upon the record that was before the state court. *See Eley v. Erickson*, 712 F.3d 837, 846 (3d Cir. 2013); *see also Parker v. Matthews*, 132 S. Ct. 2148, 2151 (2012). Under the statute, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), district courts are required to give great deference to the determinations of the state trial and appellate courts. *See Renico v. Lett*, 559 U.S. 766, 772–73 (2010).

Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for a writ of habeas corpus unless the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2). Federal law is clearly established for the purposes of the statute where it is clearly expressed in "only the holdings, as opposed to the dicta" of the opinions of the United States Supreme Court. *See Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015). "When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Id.* Where a petitioner challenges an allegedly erroneous factual determination of the state courts, "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### III. ANALYSIS

Respondents argue that all of Petitioner's claims are procedurally defaulted as his appeals were dismissed on procedural grounds based on Petitioner's failure to prosecute. (ECF No. 11 at 8–10). As the Third Circuit has explained,

> A federal court will ordinarily not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus "[o]ut of respect for finality, comity, and the orderly administration of justice." *Dretke v. Haley*, 541 U.S. 386[, 388] . . . (2004). This is a reflection of the rule that "federal courts will not disturb state court judgments based on adequate and independent state law procedural grounds." *Id.* at [392–93]; *see Wainwright v. Sykes*, 433 U.S. 72, 81. . . (1977). The principal exception to this general rule precluding federal review of habeas claims that have been procedurally defaulted is for petitioners who can show "cause and prejudice" for the procedural default or that a "miscarriage of justice" will occur absent review. *Cristin v. Brennan*, 281 F.3d 404, 414 (3d Cir. 2002).

*Hubbard v. Pinchak*, 378 F.3d 333, 338 (3d Cir. 2004). A petitioner who fails to prosecute his claims and has his appeal dismissed as a result "procedurally defaulted any claims raised [in his appeal] because his presentation did not enable the [state courts] to review [his] claims on their merits." *Myrick v. Milgram*, No. 08-2906, 2009 WL 90228, at *2 (D.N.J. Jan. 12, 2009) (quoting *Yost v. Williams*, 572 F. Supp. 2d 491, 497 n.5 (D. Del. 2008)). In order to show "cause" for excusing such a procedural default, a petitioner must present the Court with "'some objective factor external to the defense impeded counsel's efforts' to raise the claim." *Parkin v. United States*, 565 F. App'x 149, 151–52 (3d Cir. 2014) (quoting *United States v. Pelullo*, 399 F.3d 197, 223 (3d Cir. 2005)). Where a petitioner shows such cause, he must also demonstrate actual prejudice in order to evade the procedural default bar by showing that the alleged errors "worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

In this matter, both of Petitioner's appeals were dismissed for failure to prosecute by both the Appellate Division and the New Jersey Supreme Court because Petitioner failed to follow the instructions he was provided by the staff of those two courts. Petitioner's claims in this matter are therefore procedurally defaulted. *Myrick*, 2009 WL 90228, at *2. It is clear that, in both of Petitioner's appeals, court staff clearly and repeatedly informed Petitioner of the steps he needed to take if he wished to proceed with his appeals or have counsel appointed, and Petitioner failed to follow those steps, resulting in his cases being dismissed for failure to prosecute.

Despite having several months in which to do so, Petitioner has filed no response to Respondents' procedural default argument, and has thus provided no external impediment to his ability to proceed in his appeals sufficient to excuse this procedural default. Having reviewed the record of this matter, this Court perceives no "cause" external to Petitioner which prevented him

for proceeding in his appeals. As Petitioner has shown neither cause sufficient to excuse his default nor that application of the procedural default bar would work a miscarriage of justice, and as this Court perceives neither from the record of proceedings in this matter, Petitioner's claims are procedurally defaulted, and Petitioner is therefore barred from proceeding on those claims before this Court. *See Hubbard*, 378 F.3d at 338. Petitioner's habeas petition is therefore denied as all claims he presents are barred by his procedural default. *Id.*

### IV. **CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253(c)(2), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of a state court judgment unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court erred in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred . . . or that the petition should be allowed to proceed further." *Id.* For the reasons expressed above, it is clear that Petitioner's claims are barred by the procedural default doctrine and Petitioner has

presented no basis for evading that bar. Jurists of reason could thus not debate the correctness of this Court's application of the procedural default bar to Petitioner's claims, and Petitioner's habeas petition is insufficient to warrant encouragement to proceed further. Petitioner is therefore denied a certificate of appealability.

## V. CONCLUSION

In conclusion, Petitioner's habeas petition is DENIED as all of his claims are barred by Petitioner's procedural default, and Petitioner is DENIED a certificate of appealability. An appropriate Order accompanies this Opinion.

_____
JOSE L. LINARES,
Chief Judge, United States District Court